IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 12-cv-01618-RPM

BUCCANEER ENERGY (USA) INC.,

     Plaintiff,
v.

GUNNISON ENERGY CORPORATION;
SG INTERESTS, I, LTD., and
SG INTERESTS VII, LTD.,

     Defendants.
_____

## ORDER DENYING MOTION TO DISMISS
_____

     In the First and Second Claims for Relief in the Complaint, filed on June 21, 2012, the plaintiff, Buccaneer Energy (USA), Inc., ("Buccaneer") asserts that the defendants, Gunnison Energy Corporation ("GEC"), SG Interests I, Ltd., and SG Interests VII, Ltd., (collectively "SGI") have violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. § 1, 2, by restraining access to the pipelines they own and control in the Ragged Mountain Area of Colorado with intent to drive out competition in the production, gathering, processing, transportation and sale of natural gas, produced from that field.

     Among the factual allegations to support those claims, Buccaneer alleges that a natural gas producing company, Riviera Drilling & Exploration Company ("Riviera") sold natural gas to GEC, the operator of the pipeline system, co-owned by SGI, pursuant to a short-term terminable agreement which GEC terminated, effective October 1, 2007.

Buccaneer's president, Tony Gale, had earlier inquired of GEC whether there was any problem with Buccaneer's purchase of Riviera's assets.  After receiving assurances that GEC would transport gas produced from Riviera's leaseholds, Buccaneer negotiated a Lease and Purchase Agreement with Riviera for all of its assets, effective March 4, 2008.

In the Fall of 2007, GEC increased the transportation charge and the conditions for accepting Riviera's gas.

Buccaneer alleges that after the sale agreement with Riviera, GEC made unreasonable demands for transporting gas from the Riviera leases, including conveyance of a 30% working interest in its properties to GEC and a higher price, making performance of sale of assets impossible.  The complaint recites multiple barriers to entry into the market for production and sale of natural gas from this geographical area into interstate commerce.

SGI filed a motion to dismiss the complaint on September 24, 2012 (Doc. 21). GEC filed an answer and a motion to dismiss the Third Claim for Relief, claiming tortious interference with prospective business advantage or relation under Colorado law, on September 24, 2012.  (Docs. 22 and 23).  The plaintiff withdrew the Third Claim for Relief on October 15, 2012.

The SGI motion to dismiss the First and Second Claims has been fully briefed.  It asserts that these claims are precluded by the doctrine of *res judicata* because a prior action filed by Riviera, *Riviera Drilling & Exploration v. Gunnison Energy Corp.*, No. 08-cv-02486-REB-CBS, was dismissed with prejudice.  That dismissal was ordered after withdrawal of counsel shortly before a scheduled trial and Riviera's inability to retain

new counsel and pay the costs of litigation. The dismissal was not an adjudication on the merits of the case. There has never been a full and fair opportunity to litigate the claims made by Riviera which had survived summary judgment. It was done with prejudice to bar Riviera from filing another case. The claim that there is privity between Riviera and Buccaneer fails. This is not a case about Riviera's leasehold interests. It is about these two defendants' efforts to preclude entry into the market to preserve monopoly power.

For the same reason, the assertions of failure to seek administrative remedies has no merit. While the price and conditions for transportation of gas through the pipelines might be challenged administratively, the thrust of this complaint is the use of the control of that system to foreclose competition in the exploration for and production of natural gas from the Ragged Mountain Area.

The allegations of the complaint are sufficient to proceed with this litigation.

Accordingly, it is

ORDERED, that the motion to dismiss filed by SGI (Doc. 21) is denied, and it is

FURTHER ORDERED that the Third Claim for Relief is dismissed.

DATED:   December 14th, 2012

                                        BY THE COURT:

                                        s/Richard P. Matsch
                                        _____
                                        Richard P. Matsch, Senior Judge