IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  1:12-cv-01618

BUCCANEER ENERGY (USA) INC.,

      Plaintiff,

v.

GUNNISON ENERGY CORPORATION,,
SG INTERESTS I, LTD, and
SG INTERESTS VII, LTD.

      Defendants.

## ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL

WHEREAS, certain information discoverable in this case may consist of proprietary and/or confidential information, research and development information, and/or commercially valuable information that the respective parties maintain in confidence in the ordinary course of business;

WHEREAS, information relevant and useful to this matter was produced by the parties hereto in *Riviera Drilling and Exploration Company v. Gunnison Energy Corporation, SG Interests I, Ltd. and SG Interests VII, Ltd.*, Civil Action No. 08-cv-02486-REB-CBS (United States District Court for the District of Colorado) (the "Riviera Litigation") subject to a confidentiality order restricting its use to the Riviera Litigation,

WHEREAS, good cause exists for the entry of this Order Governing Confidentiality of Discovery Materials (the "Order"), which is narrowly tailored to protect the aforementioned confidential information of the parties and to permit the use in this matter of confidential information produced in the Riviera Litigation;

By reason of the foregoing, the Court hereby enters a protective order in the above-captioned action pursuant to Federal Rule of Civil Procedure 26(c)as follows:

1.      This Order shall govern information, documents, physical items, depositions, including transcripts and exhibits and other written, recorded, electronic or graphic materials produced during discovery in this matter and by the parties hereto in the Riviera Litigation, including electronically stored or computer-stored information, whether produced pursuant to a formal written discovery request or subpoena, a request made or question asked at any deposition, a letter request, by deposition testimony, interrogatory answer or any other means.

## CONFIDENTIAL MATERIAL

2.      Pursuant to the terms of this Order, any party to this Order may designate as confidential any non-public information, documents, physical items, or testimony produced or generated in this matter upon a good faith determination that they contain trade secrets, confidential, sensitive or proprietary information, including customer, supplier, or any other information over which the courts recognize protection. Such designated material will hereinafter be referred to as "Confidential Material."

3.      A party may designate information as "Confidential Material" for purposes of this Order in the following manner:

(a)      In the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page to which such designation is desired, either at the time the documents or other materials are

produced for inspection or at the time, following inspection, that the documents or other materials are furnished to the party conducting such discovery;

(b)      In the case of answers to interrogatories or to requests for admissions, by marking each answer with the legend indicated above in subparagraph 3(a);

(c)      In the case of depositions or other pretrial testimony and all exhibits thereto, (i) by a statement on the record, by counsel, at the time of such disclosure, but such designation shall be reasonably limited to only that portion of the testimony that actually contains Confidential Material; or (ii) by written notice, sent by counsel to all parties within thirty (30) days after receiving a copy of the transcript thereof, during which 30-day period all such deposition or other pretrial testimony shall be treated as Confidential Material; and

(d)      In the case of material produced in a computer-stored or electronically stored format, by giving written notice to the requesting party that the contents are "Confidential."

4.      Confidential Material designated as "Confidential" may be disclosed only to:

(a)      counsel who have appeared on behalf of the parties in this action, and regular employees of such counsel, assisting in the representation thereof;

(b)      the named parties in this action including officers and employees of an entity on a need to know basis;

(c)     fact witnesses or deponents appearing for testimony, and their counsel, during the course of depositions or testimony in this action;

(d)     any expert or consultant hired to assist counsel or to testify in this litigation;

(e)     any person who was the author or recipient of such document;

(f)     the Court and any of its staff or personnel;

(g)     court reporters, videographers, any special master appointed by the Court, and third parties retained to provide litigation related services such as graphic, trial exhibit, translating and photocopy services;

(h)     any other person upon order of the Court (upon notice to all parties) or upon written Order of all of the parties in this action; and

(i)     the jury.

5.     The terms of this Order shall not prohibit disclosure of any Confidential Material:

(a)     By the designating party to any employee of the designating party; or

(b)     By any party to any person who is an author or designated recipient of the document, including addressees and designated recipients of copies; or

(c)     By any party to any person or entity who received or had a copy of or had seen a copy of the Confidential Material prior to its production in this action.

4

## CONFIDENTIAL FINANCIAL MATERIAL

6.     The parties have acknowledged that, in the course of these proceedings, each Defendant may be called to produce information which Defendants not only deem confidential under this Confidentiality Order, but which Defendants also do not wish to provide to one another.  Some of this information may consist of confidential financial information.  The parties have agreed that Defendants' confidential financial information produced to Plaintiff shall not be provided to the other Defendant or to that Defendant's counsel.  Defendants have acknowledged that not being provided with each other's confidential financial information will benefit each Defendant by protecting such information from disclosure, and will not interfere with each Defendant's preparation of its defense in this case.

7.     This section shall govern the production of:

     (a)     financial statements;

     (b)     budgets;

     (c)     profit and loss reports;

     (d)     balance sheets;

     (e)     financial projections;

     (f)     reservoir reserve reports and information; and

     (g)     business plans

(collectively, "Financial Material"), in paper or electronic formats, produced by Gunnison or SG Interests pursuant to a formal written discovery request or subpoena from Buccaneer.

5

8.      A Defendant may designate Financial Material as confidential (hereinafter, "Confidential Financial Material") for purposes of the further restrictions contained in this section in the following manner:

(a)      In the case of documents, by affixing the legend "Confidential Financial Material" to the front cover or first page of a document and to each page to which such designation is desired, either at the time the documents or other materials are produced for inspection or at the time, following inspection, that the documents or other materials are furnished to Buccaneer; or

(b)      In the case of Financial Material produced in an electronically stored format, by giving written notice to the requesting party that the contents are "Confidential Financial Material."

9.      Financial Material designated as "Confidential Financial Material" produced by Gunnison or SG Interests to Buccaneer may be used by Buccaneer as any other produced documents in this case, subject to this Confidentiality Order; provided, however, that Buccaneer shall not provide in paper or electronic format copies of the Confidential Financial Material to any party other than the Defendant who produced said materials. This prohibition shall not limit Buccaneer from using copies of Confidential Financial Material, or summaries of information derived therefrom, as exhibits to motions or expert reports, or as part of its exhibits or testimony at any deposition or trial in this matter, or from providing copies of the portions of the Confidential Financial Materials so used to the non-producing Defendant. But Buccaneer shall only attach to motions or expert reports, or use at depositions or trial, and provide to the non-

producing Defendant the minimum amount of Confidential Financial Material necessary for its purposes and shall not attach or publish copies of such material in bulk whenever Buccaneer's purposes for using the material can be achieved through a summary, excerpt or smaller subset of said material.

10.     Once Buccaneer or the producing Defendant attaches copies of Confidential Financial Material to any motion or expert report, or utilizes copies of such material at a deposition or trial, that material shall be provided to counsel for the non-producing Defendant who is free to provide copies of that particular Confidential Financial Material to his or her client or an expert or otherwise use such material in any lawful manner in this case.

11.     Gunnison and SG Interests may request from each other the production of Confidential Financial Material, in which case the producing party may designate such material for "Attorneys Eyes Only." As to Confidential Financial Material so designated, the attorneys of record for Gunnison or SG Interests in this lawsuit receiving such material shall maintain such material in strict confidence and shall not provide hard or electronic copies, written summaries or excerpts of, or verbal summaries or reports on, all or any portion of such materials to any person outside the attorney's law firm, including but not limited to, any officer, director, in-house counsel or employee of his or her client or any consulting or testifying expert.

## CONFIDENTIAL TECHNICAL MATERIAL

12.     The parties have acknowledged that, in the course of these proceedings, each Defendant may be called to produce information which Defendants not only deem

confidential under this Confidentiality Order, but which contain technical information which the Defendants consider highly proprietary, the dissemination of which to the other Defendant in this case, or to any third party, would cause significant harm to the producing Defendant.

13.     The parties have agreed that Defendants' confidential technical information produced to Plaintiff's counsel shall not be provided to certain persons and entities associated with the Plaintiff, the other Defendant or to that Defendant's counsel, or to any third party, including without limitation, any representative of Riviera.

14.     This section shall govern the production of:

     (a)     geological data;

     (b)     geophysical well logs;

     (c)     chemical analyses of gas samples; and

     (d)     results, analysis or mapping of geological investigations

(collectively, "Technical Material"), in paper or electronic formats, by Gunnison or SG Interests pursuant to a formal written discovery request or subpoena from Buccaneer.

15.     A Defendant may designate Technical Material as confidential (hereinafter, "Confidential Technical Material") for purposes of the further restrictions contained in this section in the following manner:

     (a)     for SG Interests, all of such material is or will be produced from SG Interest's Montrose office with the bates number prefix "SGM." All documents produced by SG Interests bearing the SGM prefix shall be deemed Confidential Technical Material;

8

(b)     in the case of documents produced by Gunnison, by affixing the legend "Confidential Technical Material" to the front cover or first page of a document and to each page to which such designation is desired, either at the time the documents or other materials are produced for inspection or at the time, following inspection, that the documents or other materials are furnished to Buccaneer's counsel; or

(c)     in the case of Technical Material produced in an electronically stored format, by giving written notice to Buccaneer's counsel that the contents are "Confidential Technical Material."

16.     Technical Material designated as "Confidential Technical Material" shall be produced by Gunnison or SG Interests only to Buccaneer's counsel.  Buccaneer's counsel shall not show any of those materials or provide copies of them in paper or electronic format to: (a) current or former principals and/or shareholders of Buccaneer or its parent, subsidiaries or affiliates, except for Anthony B. Gale following his execution of Exhibit A, (b) any parent, subsidiary or affiliate of Buccaneer, (c) a non-producing Defendant or its counsel; (d) current or former principals of Riviera specifically including, but not limited to, Scott Thurner, Sam Thurner and Jacob Thurner (collectively, the "Thurners"); (e) any parent, subsidiary or affiliate of Riviera or any company the Thurners own or control or have previously owned or controlled; or (f) any third party. This prohibition shall not prevent Buccaneer's counsel from delivering copies of Confidential Technical Material, in accordance with the protocols of this Confidentiality Order, to Buccaneer's specially retained experts who submit written disclosures pursuant to F.R.C.P. 26(a)(2)(B).  Confidential Technical Material shall not

be designated as deposition exhibits but may be used to question witnesses during depositions.  Buccaneer's counsel shall only attach to motions or expert reports or use at trial the minimum amount of Confidential Technical Material necessary for their purposes and shall not attach or publish copies of such material in bulk whenever Buccaneer's counsel's purposes for using the material can be achieved through a summary, excerpt or smaller subset of such material.

17.   If the producing Defendant attaches copies of Confidential Technical Material to any motion or expert report, or endorses such material as a trial exhibit, that material shall be provided to counsel for the non-producing Defendant who is free to provide copies of that particular Confidential Technical Material to its specially-retained experts.

18.   Gunnison and SG Interests may request from each other the production of Confidential Technical Material, in which case the producing party may designate such material for "Attorneys Eyes Only." As to Confidential Technical Material so designated, the attorneys of record for Gunnison or SG Interests in this lawsuit receiving such material shall maintain such material in strict confidence and shall not provide hard or electronic copies, written summaries or excerpts of, or verbal summaries or reports on, all or any portion of such materials to any person outside the attorney's law firm, including but not limited to, any officer, director, in-house counsel or employee of his or her client or any consulting or testifying expert.

## GENERAL PROVISIONS

19.    Material designated as "Confidential" pursuant to this Confidentiality Order shall be used solely for purposes of this litigation, which shall include any mediation or any appeal of this litigation, and shall not be used in any other case or matter or for any other purpose, including, without limitation, any business, competitive, commercial or other litigation purpose and shall not otherwise be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to anyone except those authorized in paragraphs 4, 5, 9, 10, 11,16 and 17 hereto.

20.    In the event that a party desires to provide access to or disseminate material designated as "Confidential" to any person not otherwise entitled to access such information, the party may move the Court for an order that such person be given access thereto if the parties cannot agree to such additional access or dissemination. In the event that the motion is granted, such person may have access to the material designated as "Confidential" after first signing, under oath, a declaration in the form of Exhibit A attached hereto.

21.    Each party's counsel shall advise every person to whom he or she gives access to material designated as "Confidential" or information contained therein that the material or information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof.  All persons described in paragraph 4 (c), (d), (g), or (h), 9, 10, 16 and 17 above who are given access to material designated as "Confidential" or information contained therein shall confirm their understanding and agreement to abide by the terms of this Order by

11

signing Exhibit A annexed hereto (the "Signed Agreements").  Each party's counsel shall retain a copy of the Signed Agreements it obtains.

22.     The inadvertent or unintentional failure of a party producing Confidential Material, Confidential Financial Material or Confidential Technical Material to designate specific documents, information or testimony as such shall not be deemed a waiver of that party's claim of confidentiality or right to designate upon discovery of the failure. Upon notice of any such failure to designate, the party receiving the Confidential Material, Confidential Financial Material or Confidential Technical Material shall cooperate to restore, to the extent reasonably practicable, the confidentiality of any inadvertently disclosed documents, information or testimony, including the return, re-designation and/or destruction of documents or other information, in accordance with the terms hereof governing such designation.

23.     The inadvertent failure by a Producing Party to assert any applicable privilege shall not constitute a waiver of such privilege.  Notification in writing by a Producing Party that materials subject to the assertion of a privilege have been inadvertently produced shall be served upon counsel for each party that has received such materials.  Upon such notification, the receiving party shall take reasonable steps to obtain the return of any such information disclosed to any other person and to prevent further disclosure of such document to anyone other than counsel of record for the party receiving such materials, even if such counsel disputes the assertion of privilege.

12

24.     If it is necessary for any party to file or submit to the Court any material designated as "Confidential" pursuant to this Confidentiality Order, including any documents, pleadings, motions, transcripts or other filings that disclose the contents or substance of any material designated as "Confidential," such documents or things filed shall be filed with and kept by the Clerk of the Court pursuant to the Court's Local Rules. It is intended that all material designated as "Confidential" so filed with the Court shall be maintained separate from the public records in the action and shall be released only upon further order of the Court.  Material designated as "Confidential" filed or submitted to the Court shall continue to be treated as confidential notwithstanding such filing or submission.  Any party or member of the public may challenge the filing of a document under seal pursuant to the steps set forth in paragraph 25 of this Order.

25.     The failure of a party receiving material designated as "Confidential" to object to such designation at the time the designation is made shall not be deemed a waiver of that party's right to later challenge the designation at any point in the litigation. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court to modify, expand, and/or restrict use of material designated as "Confidential."  Nor shall this Order affect the parties' ability to apply to the Court to challenge the propriety of the designation of certain information as "Confidential." However, any party objecting to the designation of materials as "Confidential" shall make a good faith effort to resolve any such objection with the counsel for the party who designated the material. In any proceeding challenging the designation of material as "Confidential," the party designating the material shall have the burden of establishing

the confidential nature of the information.  However, the information shall continue to be treated as "Confidential" until such time as the Court has resolved the dispute described in this paragraph.  This Order may be modified by order of the Court or by written consent of all parties, subject to the approval of the Court.

26.   Nothing contained herein, including entering into this Agreement or designating any material as "Confidential" pursuant to this Order, shall be deemed an admission or a waiver of any defense or claim raised in this action.  In addition, the act of entering into, agreeing to and/or producing or receiving, or designating material as "Confidential" or otherwise complying with the terms of this Order shall not:

(a)   operate as an admission by, or permit an inference against, any non-designating party that any particular material designated as "Confidential" contains or reflects trade secrets or any other type of confidential information or that such information or category of information constitutes a "trade secret" as defined by law;

(b)   prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or the admissibility or relevance of any materials or information or to challenge any objection asserted by any other party; or

(c)   prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery materials.

27.   This Order shall not prevent any party's use of its own material designated as "Confidential" for any purpose nor shall such use have any effect on this Order.

14

Similarly, this Order shall not prevent any party's use of information or documents obtained from a non-party or other source, other than by means of discovery in this action (e.g., information and documents that may have come into that party's possession in the regular course of business), for any purpose, nor shall such use or receipt have any effect on this Order.

28.     Documents previously designated and produced by the parties herein as "Confidential" in the Riviera Litigation shall be subject to the terms and conditions of this Confidentiality Order as if designated in this matter.  If any party requests the production of documents that calls for the disclosure of documents previously designated and produced as "Confidential" in the Riviera Litigation, it shall be sufficient for the producing party to identify those responsive documents by their bates numbers rather than physically producing such documents.

29.     In the event that any material designated as "Confidential" is used in any proceeding, it shall not lose its designated status through such use.  The entry of this Order shall not be construed to broaden or narrow any party's obligation to produce information pursuant to the applicable rules of discovery.  Nothing in this Order shall be construed as a waiver of any right to object to the production of information in response to discovery.

30.     The rules governing the use of material designated as "Confidential" at trial shall be determined at a future date.

31.     In the event additional parties join or are joined in this action, they shall not have access to material designated as "Confidential" until the newly joined party by

15

its counsel has executed and, at the request of any party, filed with the Court its
agreement to be fully bound by this Order.

32.    Within forty-five (45) days after receiving notice of the entry of an order,
judgment, decree or Order finally disposing of this action and the lapse of any time to
appeal or disposition of any appeal taken, all persons having received material
designated as "Confidential" shall either (a) return such material and all copies thereof
to the party that produced it or its counsel; or (b) or destroy such materials and provide
written confirmation of destruction to counsel for the other parties, except that counsel
for the parties to this action may retain, subject to the obligations imposed by this Order,
one electronic and one hard copy of such material for their file.

33.    All persons who receive material designated as "Confidential" shall, even
after this litigation, be under a continuing duty not to disclose such material for as long
as it is not available to the general public.  The parties and any other person subject to
the terms of this Order agree that this Court shall have and retain jurisdiction over it and
them after this action is terminated for the purposes of enforcing this Order. Any Party to
this Order may seek leave to reopen the case to enforce provisions of this Order after
the case is terminated upon final disposition of the case.

34.    The procedures established by this Order are intended to be cumulative
and in addition to any party's right to seek further or different protection from the Court
regarding issues addressed herein.  This Order is without prejudice to the right of any
party to apply to the Court at any time for modification or exception to this Order.

16

35. If any party (the "Receiving Party") receives a subpoena seeking, or court order requiring, the production or disclosure of any material designated as "Confidential" received from any other person that designated the material "Confidential" (the "Producing Person"), the Receiving Party shall give notice to the Producing Person within three (3) business days of receipt of such subpoena or court order and, if possible, no less than five (5) business days prior to the time for production of such material pursuant to the subpoena or court order. Written notice as used in this paragraph shall include notice delivered via overnight delivery, U.S. Mail, e-mail or facsimile. If written notice cannot be made, the Receiving Party must promptly give notice to counsel for the Producing Person by telephone. In no event shall production or disclosure be made before notice is given unless otherwise required by law. The purpose of this paragraph is to provide the Producing Person the opportunity to intervene at its own expense to object to the production of such material.

DATED this 19 day of August, 2013.

BY THE COURT:

_____

Richard P. Matsch
Senior United States District Court Judge

17

## EXHIBIT A

**AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE
ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS**

I, the undersigned, hereby acknowledge and I have read the Order Governing
Confidentiality of Discovery Materials in *Buccaneer Energy (USA) Inc. v. Gunnison
Energy Corporation, et al.*, Civil Action No. 1:12-cv-01618 (United States District Court
for the District of Colorado), that I understand the terms thereof and agree to be bound
by such terms.

I hereby submit myself to the jurisdiction of the United States District Court for
the District of Colorado for the purpose of enforcement of the Order.

_____
[full name]