IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 12-cv-01618-RPM

BUCCANEER ENERGY (USA) INC., a Nevada corporation,

Plaintiff,

v.

GUNNISON ENERGY CORPORATION, a Delaware corporation,
SG INTERESTS I, LTD., a Texas limited partnership, and
SG INTERESTS VII, LTD., a Texas limited partnership,

Defendants.

---

RULINGS ON CERTAIN ISSUES PRESENTED IN
DEFENDANTS' SECOND MOTIONS FOR SUMMARY JUDGMENT

---

On August 26, 2015, the court will hear oral argument on the defendants' second motions for summary judgment. After review of the motions, briefs, and exhibits submitted, certain issues are adequately argued and rulings are made as follows without oral argument being required.

Defendant Gunnison Energy Corporation ("Gunnison") contends that plaintiff Buccaneer Energy (USA) Inc.'s ("Buccaneer") claims against Gunnison in this action were released by a settlement agreement dated April 20, 2014 (Gunnison Ex. 91). That settlement agreement resolved an adversary proceeding related to the Chapter 11 bankruptcy proceeding of Riviera

Drilling & Exploration Company ("Riviera"), Case No. 10-11902-HRT in the United States Bankruptcy Court for the District of Colorado.  The parties to that settlement agreement are the Plan Administrator, Gunnison, Scott Thurner and the "Thurner Parties."  Gunnison contends the release language in that agreement encompasses Buccaneer's claims against Gunnison in this action, asserting that Buccaneer is an "affiliate" of the Thurners and the present action relates to Riviera.  That argument is rejected.  The settlement agreement does not express any intent to release Buccaneer's claims in this action and Gunnison has not established that Buccaneer is an "affiliate" of Scott Thurner or "the Thurner parties" as that term is defined in the settlement agreement.

Defendant Gunnison and the SG defendants assert that the doctrine of res judicata precludes Buccaneer's claims against them in this action based on the final judgment dismissing the civil action *Riviera Drilling & Exploration Company v. Gunnison Energy Corporation, SG Interests I, LTD, and SG Interests VII, LTD*, in the United States District Court for the District of Colorado, Civil Action No. 08-cv-02486-REB-CBS ("the *Riviera* action") with prejudice.  The order of dismissal was entered on February 12, 2010, as a sanction for failure to prosecute after Riviera's counsel was allowed to withdraw on January 25, 2010, less than a month before the jury trial was set to begin on February 22, 2010.  Riviera's Chapter 11 bankruptcy petition was filed on February 2, 2010.  Although the Tenth Circuit held that the dismissal was not an abuse of discretion, *see Riviera Drilling & Exploration v. Gunnison Energy Corp.*, 412 F. App'x 89 (10th Cir. 2011), it cannot be said that there was a full and fair opportunity to litigate the antitrust claims, in light of the fact that Riviera's counsel was allowed to withdraw less than a

month before trial and the dismissal order entered ten days after Riviera's petition for bankruptcy protection.

The SG Defendants contend that Buccaneer's antitrust claims are barred by application of the 4-year statute of limitations. *See* 15 U.S.C. § 15b. That argument is rejected because the issue of when the limitations period accrued is a question of fact.

Accordingly, it

ORDERED that Defendant Gunnison Energy Corporation's motion for summary judgment is denied as to the issues of release and res judicata; and it is

FURTHER ORDERED that the motion for summary judgment of Defendants SG Interests I, Ltd. and SG Interests VII, Ltd. is denied as to the issues of res judicata and statute of limitations.

Dated:  August 21, 2015

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge