IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 12-cv-01618-RPM

BUCCANEER ENERGY (USA) INC., a Nevada corporation,

      Plaintiff,

v.

GUNNISON ENERGY CORPORATION, a Delaware corporation,
SG INTERESTS I, LTD., a Texas limited partnership, and
SG INTERESTS VII, LTD., a Texas limited partnership,

      Defendants.

---

ORDER DETERMINING COSTS

---

Pursuant to the judgment entered on September 25, 2015, Defendants SG Interests I, Ltd. and SG Interests VII, Ltd. ("SG") were awarded costs upon filing a bill of costs within 14 days. Doc. #139.

SG filed a bill of costs on October 9, 2015, seeking costs in the amount of $133,692.73. Doc. # 140. On November 17, 2015, SG supplemented its bill of costs. Docs. #153 & #153-1. The supplement consisted of three invoices and a declaration of Jesse Sackin, an account executive of Transperfect Legal Solutions ("Transperfect"). Transperfect is a legal support and consulting company that provided database management services for SG. *See* Sackin Decl. The purpose of the supplement was to provide additional documentation for SG's request for costs attributable to document management services.

On November 18, 2015, the Clerk awarded costs against the Plaintiff and in favor of SG in the amount of $59,106.50. Doc. #154.[1]

Of that total amount, $15,518.26 was awarded for "transfer & organization of data." *Id.* at p. 6. The Clerk's notations on the bill of costs indicate that the award of $15,518.26 for "transfer & organization of data" was supported by the Sackin declaration and related invoices.

The Plaintiff timely moved pursuant to Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920 for review of the Clerk's assessment of SG's costs, arguing that the Clerk's award of $15,518.26 for "transfer & organization of data" was improper and that aspect of the award should be reduced to $992.

SG acknowledges that the $15,518.26 awarded by the Clerk for "transfer & organization of data" includes certain non-recoverable costs attributable to data storage fees and user access fees. SG contends that the Sackin declaration and the Transperfect invoices support an assessment of costs in the amount of $15,254.50. *See* Sackin Decl. ¶ 5 (stating that Transperfect charged $15,254.50 for the work of establishing a database and publishing documents to the database). SG explains that those charges were for consolidating data from several existing databases (which were created in connection with prior related cases) and creating a database specific to this lawsuit. SG characterizes that work as "uploading documents" and argues such charges are consistent with the language of 28 U.S.C. § 1920(4).

The Plaintiff asserts that the charges were for transferring documents electronically stored on existing host databases maintained by Fulbright & Jaworski into a host database

---

[1] The docket shows that the Bill of Costs (doc. #154) was entered on November 18, 2015, although the filing date is November 17, 2015. It bears a date stamp of November 18, 2015.

maintained by Baker & Hostetler, after SG's lead attorneys changed their law firm affiliation. The Plaintiff shows that the SG's creation of the new database occurred *after* SG had responded to the Plaintiff's first request for production of documents. The Plaintiff argues that the costs of transferring documents from existing databases to another database to accommodate a change in counsel's law firms are not recoverable. According to the Plaintiff, the Transperfect invoices show that only $992 was attributable to converting electronically stored documents to the native format agreed to by the parties. *See* Sackin decl. ¶ 4.

Taxable costs include "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

"Taxable e-discovery costs are generally limited to the cost of initially uploading data and converting native files to other formats, such as TIFF and PDF." *Nero v. Am. Family Mut. Ins. Co.*, 2013 WL 5323262 at * 2-3 (D. Colo. Sept. 23, 2013) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 674 F.3d 158, 171 (3d Cir. 2012)).

The disputed charges do not fall within taxable e-discovery costs. 28 U.S.C. § 1920 does not authorize an award of those costs.

Accordingly, it is

ORDERED that the Plaintiff's motion for review of the Clerk's assessment of SG Interests' costs (doc. #161) is granted. The Clerk's award of $15,518.26 for "transfer & organization of data" is reduced to $992 (a reduction of $14,526.26). It is

FURTHER ORDERED that the Clerk's taxation of SG's costs (doc. #154) is vacated. The total amount of costs taxed against the Plaintiff and in favor of Defendants SG Interests I, Ltd. and SG Interests VII, Ltd. is $44,580.24.

Dated:  January 6, 2016

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge